UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CAROLYN JACKSON,

                Plaintiff,        09-CV-6029T

      v.                            **DECISION
                                          and ORDER**

STRONG MEMORIAL HOSPITAL

                Defendant.
_____

## INTRODUCTION

Plaintiff Carolyn Jackson ("Jackson") brings this action pro se claiming that the defendant Strong Memorial Hospital[1] ("Strong") unlawfully discriminated against her on the basis of her age, disability, gender, religion, and race. Specifically, plaintiff, who is African-American, and who at the time of the alleged discrimination was 49 years old, alleges that she was terminated from her position as Lead Medical Records Clerk as a result of discrimination by the defendant. Strong denies the plaintiff's allegations, and moves for summary judgment against Jackson on grounds that she has failed to state a prima facie case of discrimination, or, in the alternative, that even if she has stated a prima facie case of discrimination, she has failed to rebut the

---

[1] The defendant in this action was incorrectly named as "Strong Memorial Hospital." The correct name of the defendant is the University of Rochester. For the sake of consistency, the Court will refer to the defendant as "Strong Memorial Hospital" or "Strong."

Page -1-

legitimate, non-discriminatory reason for firing her that has been proffered by the defendant. Plaintiff moves for an extension of time to respond to the defendant's motion. For the reasons set forth below, I grant defendant's motion for summary judgment, and deny plaintiff's motion for an extension of time to respond.

**BACKGROUND**

The following facts have not been controverted by the plaintiff, and accordingly, are deemed admitted for purposes of this motion.[2] Plaintiff Carolyn Jackson was employed by defendant Strong as a Lead Medical Records Clerk in the hospital's Pediatric Gastroenterology/Nutrition Department from December 24, 2006 to November 5, 2007. As Lead Medical Records Clerk, plaintiff was

---

[2] Local Rule of Civil Procedure 56.1 requires that a party moving for summary judgment include with its motion a "separate, short, and concise statement of the material facts to which the moving party contends there is no genuine issue to be tried." See Local Rule 56.1(a). "When a party has moved for summary judgment [] and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party." Glazer v. Formica Corp., 964 F.2d 149, 154 (2d Cir. 1992). In this case, plaintiff failed to oppose the defendant's motion for summary judgment, and therefore, the defendant's Statement of Facts is deemed admitted. See Cassidy v. Nicolo, 2005 WL 3334523, *2 (W.D.N.Y. 2005) (facts asserted by the defendants deemed admitted where the plaintiff failed to file a response). Moreover, the court has considered plaintiff's request to file an opposition to the defendant's motion for summary judgment, and has reviewed the plaintiff's proposed opposition to that motion. Plaintiff's proposed opposition papers do not controvert or attempt to controvert the facts as set forth by the defendant.

responsible for processing medical record requests, including pulling and re-filing medical records, and organizing such records. Plaintiff was also responsible for preparing new-patient charts, filing documents within patient records, requesting records from off-site storage facilities, processing incoming and outgoing faxes and mail, and delivering some notes directly to physicians.

From December 2006 to September 2007, plaintiff was supervised by Michelle O'Brien. In September 2007, O'Brien was replaced by Debra Gaboriault ("Gaboriault"). Upon taking over as plaintiff's supervisor, Gaboriault determined that plaintiff's job performance was deficient, and she began to document instances of plaintiff's failure to complete her work, and complaints made regarding Jackson's job performance. Gaboriault claims that she attempted to counsel plaintiff about her work performance, but that when she did, Jackson became hostile, and refused to implement Gaboriault's suggestions.

In October, 2007, Gaboriault prepared a Performance Action Plan for Jackson, which was intended to identify and help correct deficiencies in plaintiff's work performance. Despite showing some improvement, however, Jackson continued to perform poorly in several areas, and claimed that her daily job duties could not be performed by a single person in a single day. According to the defendants, Jackson's performance continued to deteriorate, and several complaints were lodged with Gaboriault regarding

Page -3-

plaintiff's inability to perform her job functions. On November 5, 2007, Gaboriault and her supervisor, Patricia Bartle, decided to terminate Jackson's employment because of her poor work performance. Thereafter, plaintiff filed a charge of racial and age discrimination with the Equal Employment Opportunity Commission ("EEOC"). Upon the EEOC's finding of a lack of probable cause to believe that a violation had taken place, plaintiff filed the instant action alleging racial, age, disability and religious discrimination against her.

## **DISCUSSION**

I. <u>Defendant's Motion for Summary Judgment</u>

Rule 56© of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the party against whom summary judgment is sought. <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is

appropriate. Scott, 550 U.S. at 380 (citing Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986).

> II. Plaintiff has failed to state a claim of discrimination based on Race or Age.

Plaintiff alleges that she was discriminated against on the basis of her race and/or age. Claims of employment discrimination are analyzed under the well-recognized burden shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) and later refined in Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981) and St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993). The plaintiff bears the burden proving a *prima facie* case of discrimination. If the plaintiff succeeds in stating a *prima facie* case, the burden of production shifts to the defendant to state a legitimate, non-discriminatory reason for the employment action. Should the employer meet that burden, the burden of production then shifts back to the plaintiff to show that the reasons proffered by the employer were not the true reasons for the adverse employment action, but were a pretext for discrimination, and that discrimination was the real reason. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981); St. Mary's Honor Center v. Hicks, 509 U.S. 502-06 (1993).

A.  Race Discrimination

To establish a *prima facie* case of employment discrimination under Title VII, a plaintiff must show (1) that she belonged to a

protected class; (2) that she was qualified for the position she held; (3) that she suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discrimination. See Shumway v. United Parcel Service, Inc., 118 F.3d 60, 63 (2nd Cir. 1997).

In the instant case, there is no dispute that as an African-American, plaintiff is a member of a protected class. There is also no dispute that the plaintiff was fired from her position as Lead Medical Records Clerk. However, even assuming for purposes of this motion that Jackson was qualified for her position as a Medical Records Clerk, plaintiff has failed to establish that the termination of her employment arose under circumstances giving rise to an inference of discrimination.

Plaintiff has provided no evidence of any discriminatory animus directed towards her or to any other employee at Strong. Initially, more than half of the employees in plaintiff's department were African-American. Plaintiff has not alleged or provided any evidence that any employee of the defendant ever used any derogatory language or slurs against her or any other member of a protected class. While plaintiff speculated that the use of the term "curve" in her presence, (which plaintiff believed referred to not getting good grades), was meant as a racially derogatory term, there is no objective evidence to support such a claim. Similarly, plaintiff's allegation that a white women once asked how some women

who were in close proximity, (who happened to be black) could wear high-heals fails to establish evidence of a discriminatory animus against black employees. In short, there is no evidence that plaintiff was subjected to any discrimination, and there is no evidence that the termination of her employment occurred under circumstances giving rise to an inference of discrimination. Rather, the uncontroverted evidence establishes that plaintiff's work performance was deficient, and as a result, her employment was terminated. Accordingly, I grant defendant's motion for summary judgment with respect to plaintiff's claims of racial discrimination.

    B.    <u>Age Discrimination</u>

Plaintiff also alleges that she was discriminated against on the basis of her age. To establish a prima facie case of age discrimination under the ADEA, a plaintiff must demonstrate that; (1) she is a member of a protected group; (2) she was qualified for the position she held; and (3) she was discharged under circumstances giving rise to an inference of age discrimination. <u>McDonnell-Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973); <u>Promisel v. First American Artificial Flowers</u>, 943 F.2d 251, 259 (2d Cir. 1991), <u>cert</u>. <u>denied</u>, 502 U.S. 1060 (1992). Although the Second Circuit Court of Appeals has stated that "the burden that must be met by an employment discrimination plaintiff to survive a summary judgment motion at the *prima facie* stage is *de minimis*,"

Tomka v. Seiler Corp., 66 F.3d at 1308 (internal citations omitted), it has also noted that "[a] jury cannot infer discrimination from thin air." Norton v. Sams Club, 145 F.3d 114 (2nd Cir.), cert. denied 119 S.Ct. 511 (1998).

In this case, the record is completely devoid of any evidence suggesting that plaintiff was discriminated against on the basis of her age. The plaintiff, who was 49 years old at the time of her discharge, was replaced by a 44 year old female employee. The two employees who decided to terminate the plaintiff's employment were also over the age of 40. There is no evidence in the record to suggest that any employee at any time made any negative or derogatory comments about the plaintiff's age, or any other employee's age. As a result, I find that there is no evidence of age discrimination in the record, and I therefore I grant the defendant's motion for summary judgment with respect to plaintiff's claim of age discrimination.

III. Retaliation

Plaintiff alleges that she was retaliated against by the defendant after she complained of actions taken by her supervisor. To state a claim for retaliation, a plaintiff must establish: (1) participation in a protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff or action that would dissuade a reasonable worker from making or supporting a charge of discrimination; and (3) a causal connection between the

protected activity and adverse action. Burlington Northern & Santa Fe Railway Co. V. White, 548 U.S. 53, 68 (2006); Holt v. KMI-Continental, 95 F.3d 123, 130 (2d Cir. 1996), cert. denied, 1997 WL 71191 (May 19, 1997); Tomka v. Seiler Corp., 66 F.3d 1295, 1308 (2nd Cir. 1995) (citations omitted).

In the instant case, plaintiff has failed to establish that she engaged in any protected activity. Although plaintiff complained of Gaboriault to her supervisors, Jackson admits that she did not complain that she was being discriminated against by Gaboriault or any other Strong employee. Because she did not complain of discrimination, making those complaints did not constitute "protected activity" under Title VII or the ADEA. See International Healthcare Exchange, Inc. v. Global Healthcare Exchange, LLC, 470 F.Supp.2d 345, 347 (S.D.N.Y.,2007)(employee who failed to raise allegations of discrimination in complaints to employer did not engage in protected activity as employer was not made aware of any discriminatory conduct). Accordingly, I grant defendant's motion with respect to plaintiff's claim for retaliation.

IV. Hostile Work Environment

Plaintiff claims that she was harassed while employed at Strong. To the extent that plaintiff may be attempting to claim a hostile work environment based on the alleged harassment, I find that plaintiff has failed to state such a claim.

To state a claim of discrimination based on a hostile work environment, a plaintiff must establish the existence of a workplace that is "permeated with discriminatory intimidation, ridicule and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment." Torres v. Pisano, 116 F.3d 625, 630-631 (2d. Cir.1997) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)). "Conduct that is merely offensive and not severe or pervasive enough to create an objectively hostile or abusive work environment" will not establish a Title VII discrimination claim. Torres, 116 F.3d at 631 (2d Cir.) (internal quotes omitted); Gallagher v. Delaney, 139 F.3d 338, 346 (2d Cir.1998) ("A reasonable person would have to find the environment hostile or abusive, and the victim must have subjectively so perceived it."). "Stray racial remarks or slurs are not actionable under Title VII." Badrinauth v. Touro College, 1999 WL 1288956, *4, (E.D.N.Y. Nov. 4, 1999). Rather, "there must be a steady barrage of opprobrious racial comments." Snell v. Suffolk County, 782 F.2d 1094, 1103 (2d Cir.1986).

In the instant case, plaintiff has provided no evidence that she was subjected to any discriminatory intimidation, ridicule or insult. Her claim that the term "curve" was used in her presence on a single occasion, or that a white employee once asked how women standing in close proximity (who were black) could wear high heals fails to allege or establish that she was subjected to

discriminatory intimidation, ridicule or insult, and completely fails to establish the existence of a workplace so permeated with discriminatory animus that it altered the terms or conditions of plaintiff's employment. As a result, I find that plaintiff has failed to state a claim for a hostile work environment, and I grant defendant's motion for summary judgment with respect to this claim.

> V. Plaintiff has failed to exhaust her claims of Gender, Religious, and Disability Discrimination.

It is well settled that prior to bringing an employment discrimination claim in federal court, a plaintiff must first exhaust his or her administrative remedies by filing a complaint with the Equal Employment Opportunity Commission, or with a state agency authorized to investigate the allegations. 45 U.S.C. § 2000e-5(c)(Title VII claims); 29 U.S.C. §§ 626(d), 633(b). In this case, plaintiff complied with that requirement by filing an administrative complaint with the New York State Division of Human Rights on March 28, 2008.

Plaintiff's administrative complaint, however, alleged only that she was discriminated against on the basis of her race and age. See Plaintiff's March 28, 2008 Administrative Complaint at p. 1, attached to Plaintiff's Complaint. Specifically, plaintiff stated in her administrative complaint that she was 49 years old, and that she believed she had been discriminated against on the basis of her age and race.

Because plaintiff failed to raise claims of gender, disability, or religious discrimination in her administrative complaint she may not raise such claims in her federal lawsuit unless she can establish that the conduct she complains of is reasonably related to the conduct complained of in the administrative charge. Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 83 (2nd Cir. 2001). Conduct may be considered reasonably related where: (1) the conduct complained of in the federal complaint can reasonably be expected to grow out of the administrative claims of discrimination and therefore fall within the administrative investigation; (2) the conduct is retaliatory; or (3) the conduct complained of in the federal complaint is identical to conduct that was alleged in the administrative complaint. Butts v City of New York Dept. of Hous. Pres. & Dev., 990 F2d 1397, 1401-1403 (2nd Cir. 1993). In this case, plaintiff filed her administrative complaint *after* her employment was terminated, and therefore the federal complaint does not allege conduct that occurred after the filing of her administrative complaint. Accordingly, the conduct alleged in the federal complaint can not be deemed reasonably related to the conduct alleged in the administrative claim as either identical continuing conduct or retaliation. As a result, for plaintiff to be allowed to proceed with her claims of gender, disability, or religious discrimination, she must establish that those claims could have

reasonably been expected to grow out of her claims of race and age discrimination, and therefore fall within the initial administrative investigation.

Plaintiff's claims of gender, disability, or religious discrimination, however, are not sufficiently related to claims of age or race discrimination made in her administrative complaint so that they can considered to arise from or be related to those claims. No claims of gender, disability, or religious discrimination arose during the administrative investigation of plaintiff's claims, and plaintiff did not at any time amend her administrative complaint to include allegations of gender, disability, or religious discrimination. While this court understands that plaintiff was proceeding <u>pro se</u> during her administrative proceedings, the law nonetheless requires even those who are proceeding without an attorney to specify the basis of their discrimination complaints to allow the investigating agency to make a full and complete investigation of alleged discriminatory practices. Plaintiff's failure in this case to allege gender, disability, or religious discrimination in her administrative complaint precludes her from raising such claims in this proceeding.

VI. <u>Motion to file late opposition papers</u>.

By motion dated September 17, 2010, plaintiff seeks permission to file an opposition to defendant's motion for summary judgment.

The defendant's motion for summary judgment was filed on February 16, 2010, and plaintiff's opposition was due no later than March 16, 2010. Plaintiff has provided no explanation for her failure to timely submit any opposition. Moreover, the proposed opposition submitted by the plaintiff fails to address the issues raised in the defendant's motion. Accordingly, I deny plaintiff's motion to file a late opposition to the defendant's motion.

## **CONCLUSION**

For the reasons set forth above, I grant defendants' motion for summary judgment, and dismiss plaintiff's complaint with prejudice. I deny plaintiff's motion for an extension of time to file opposition papers.

ALL OF THE ABOVE IS SO ORDERED.

s/ Michael A. Telesca<br>
MICHAEL A. TELESCA<br>
United States District Judge

Dated: Rochester, New York
October 12, 2010